# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RENEE D. BELL,**

       **Plaintiff,**

v.                                         **Case No: 6:18-cv-1826-Orl-41GJK**

**U.S. BANK NATIONAL ASSOC.;**
**RICHARD K. DAVIS; MARK G.**
**RUNKER; and ANDREW CECERE,**

       **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 12)** |
| **FILED:** | December 12, 2018 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be DISMISSED**.

On October 26, 2018, pro se plaintiff Renee D. Bell filed the Complaint. Doc. No. 1. On December 12, 2018, Plaintiff filed an amended application to proceed in district court without prepaying fees or costs (the "Motion").[1] Doc. No. 12.

---

[1] The Motion was amended to redact the name of a minor appearing in the original application to proceed in district court without prepaying fees or costs. Doc. No. 11.

I.     APPLICABLE LAW

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[2] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A)  the allegation of poverty is untrue; or
>     (B)  the action or appeal --
>         (i)  is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii)  seeks monetary relief against a defendant who is immune from such relief.

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

---

[2] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

### A. Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[3] *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785; *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### B. Frivolous Actions Under 28 U.S.C. § 1915(e)(2)(B)(I)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *Id.* at 327. A complaint is also frivolous where it asserts factual

---

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327-28).

## II.   ANALYSIS

The Complaint is nonsensical, containing allegations without any supporting facts regarding grievances relating to foreclosure proceedings in state court wherein Plaintiff apparently lost her residence; bankruptcy proceedings Plaintiff initiated that were dismissed; wrongful behavior by the Florida Highway Patrol; aircraft surveillance; and racial discrimination, among other things. Doc. No. 1. The Complaint violates Federal Rule of Civil Procedure 8, as it does not contain a short and plain statement that establishes a right to relief. It is also frivolous. The allegations in the Complaint are fanciful, fantastic, and delusional. As the Complaint is frivolous and fails to comply with Federal Rule of Civil Procedure 8, it is recommended that the Motion be denied and the Complaint be dismissed with prejudice.

It is recommended that the Complaint be dismissed with prejudice because Plaintiff has attempted, and failed, to raise similar claims in this Court before. Plaintiff previously filed the following similar cases in this Court:

- o *Bell v. Florida Highway Patrol and Larry Costanzo*, Case No. 6:05-cv-01806-GAP-DAB; alleging the Florida Highway Patrol (her former employer) defamed Plaintiff, discriminated against her based on race, retaliated against her, and violated her civil rights; case dismissed and affirmed on appeal, Doc. No. 149;

- o *Bell v. Lisa Sykes, et al.*, Case No. 6:15-cv-01588-PGB-GJK; seeking to overturn actions of a Florida state court judge in an ongoing state court foreclosure action, and alleging the defendants, including the state court judge, conspired to defraud Plaintiff of her real property; case dismissed for lack of jurisdiction under *Rooker-Feldman* doctrine and affirmed on appeal, Doc. No. 17;

- o *Bell v. State of Florida*, Case No. 6:17-cv-00326-GAP-KRS; continuation of *Bell v. Florida Highway Patrol*; dismissed with prejudice, Doc. No. 16; and

- o *Bell v. Florida Highway Patrol and Larry Costanzo*, Case No. 6:18-cv-00193-GAP-KRS; third suit based on her employment with the Florida Highway Patrol; dismissed with prejudice, Doc. No. 19, and currently on appeal.

The Honorable Gregory A. Presnell stated the following on April 18, 2017, in the dismissal order in *Bell v. State of Florida*:

> Mrs. Bell has been a persistent litigant in this Court for more than a decade, consuming a great deal of this Court's time and that of the Eleventh Circuit Court of Appeals. This, her latest lawsuit involving her termination by the Florida Highway Patrol, is merely a rehash of the claims that have been litigated to finality. These claims here are frivolous and otherwise fail to state a cognizable cause of action. It is time for this nonsense to stop.

Case No. 6:17-cv-00326-GAP-KRS, Doc. No. 16. Judge Presnell's comments apply equally to Plaintiff's allegations here.

### III.   CONCLUSION

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 12);

2. **DISMISS** the case with prejudice; and

3. Direct the Clerk to close the case.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

5

conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on January 11, 2019.

*[signature]*

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party